IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| GARY W. NORMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:19-03295-CV-RK |
| | ) |
| THE CENTRAL TRUST BANK INC., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Gary W. Norman, acting *pro se*, initiated this action by filing a Complaint on August 16, 2019. (Doc. 1.) Plaintiff names more than twenty-six defendants. Before the Court is Defendant Equifax Inc.'s ("Equifax") motion to strike (Doc. 36) Plaintiff's Complaint (Doc. 1) and RICO Case Statement (Doc. 2). Defendant Equifax's motion to strike is joined by Defendants Experian Information Solutions, Inc. ("Experian") (Doc. 40) and Trans Union, LLC ("Trans Union") (Doc. 64) (Docs. 36, 40, and 64 are collectively referred to as "CRA Defendants' motion to strike").[1] CRA Defendants' motion to strike is ripe and ready for disposition. (Docs. 52, 54.) CRA Defendants' motion is **GRANTED**. For the reasons in the CRA Defendants' motion to strike and for the additional reasons identified below, the Court will **PROVISIONALLY DISMISS** Plaintiff's Complaint, but allow Plaintiff the opportunity to file an amended complaint that (1) cures the deficiencies identified in this Order and (2) reasonably complies with the pleading requirements in the Federal Rules of Civil Procedure.[2] Failure to comply with this Order and plead in accordance with the pleading requirements will result in the Court dismissing the case with prejudice.

Additionally, the Court takes up five motions filed by Plaintiff (Docs. 44, 46, 47, 51, 52, 53, 54, 55, 75, 76, and 77) and **DENIES** the motions as frivolous.

---

[1] Defendant Equifax, Experian, and Trans Union are collectively referred to as "CRA Defendants" (i.e., credit reporting agency defendants).

[2] Had CRA Defendants not filed their motion to strike, the Court would have *sua sponte* provisionally dismissed the Complaint for Plaintiff's gross violation of the pleading requirements.

## I.    CRA Defendant's motion to strike

CRA Defendants ask the Court to strike Plaintiff's Complaint for violating the Federal Rules of Civil Procedure 7 and 8 as well as for containing redundant, impertinent, and scandalous material in violation of Rule 12(f). CRA Defendants ask that the Court order Plaintiff to file a single complaint that conforms with the "short and plain statement" requirements of Rule 8.

The Court begins with the well-established principle that a *pro se* pleading is afforded liberal construction, which provides the Court discretion to excuse a *pro se* litigant's failure to comply with technical pleading requirements. *See Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998) (articulating liberal pleading requirements for *pro se* litigants). However, liberal pleading rules is not a vehicle for abusing the judicial process. "The liberal construction . . . is limited by reasonableness: defendants must be given fair notice of the claims so that they may make a meaningful response to the pleadings." *Nelson v. Farm Credit Servs.*, No. 93-2622, 1994 U.S. App. LEXIS 4807, at *2-3 (8th Cir. Mar. 18, 1994). The Court agrees with CRA Defendants that Plaintiff's Complaint is deficient on numerous grounds, including Rule 7, Rule 8, Rule 12(f) as well as Rule 11. The identified technical defects are significant such that Plaintiff's Complaint prevents fair notice of the claims.

Also concerning to the Court, Plaintiff has filed several frivolous motions, (*see infra* Section II), and Plaintiff includes improper personal attacks in his Complaint and responses to CRA Defendants' motion to strike, (*see infra*, Section I.E-F). *See Bethel v. Baldwin Cty. Bd. of Educ.*, No. 09-10-KD-C, 2009 U.S. Dist. LEXIS 39202, at *3 (S.D. Ala. May 6, 2009) (the *pro se* practice shield against the technical pleading requirements is not a sword with which to engage in personal attacks). These frivolous filings and improper attacks, when considered in combination with Plaintiff's gross violations of the pleading requirements, tend to show Plaintiff's action is not filed in good faith, but rather for harassment and vexation, which is a misuse of the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (courts have implied power to impose respect and decorum to achieve the orderly and expeditious disposition of cases). As additional context, in less than three months, this case has a docket sheet that is nineteen pages in length, which includes ninety docket entries and twenty-four pending motions. At this juncture, the Court finds provisional dismissal of Plaintiff's Complaint is warranted with Plaintiff having the opportunity to file an amended complaint that (1) cures the deficiencies identified in this Order and (2) reasonably complies with the pleading requirements in the Federal Rules of Civil Procedure.

## A. The length of Plaintiff's Complaint violates Rule 7(a) and Rule 8(a)

To begin, Plaintiff's Complaint is unintelligible, in part because of its length. Plaintiff's Complaint is 300 pages, including 938 paragraphs, 62 counts, and names twenty-six entity defendants including twenty-two financial institutions, a law firm, and three credit reporting agencies. In addition to the twenty-six entity defendants named in the Complaint, Plaintiff also names "all shareholders, directors, additional directors, officers, chairman of the board, owners and all spouses, all secured parties, and all spouses" of the financial institutions; "all spouses" of the law firm; and "owners, officers, & employees and spouses" of the credit reporting agencies. (Doc. 1 at 1-2.) On the same day the Complaint was filed, Plaintiff filed a second document titled "Plaintiff's RICO Case Statement Normans Verfied [sic] Complaint for Declaratory Judgment and Permanent Injunctive Relief and Monetary Damages" (or "RICO Case Statement"). (Doc. 2.) Plaintiff's RICO Case Statement is 297 pages, and appears to name the same defendants and list the same 62 counts as provided in the Complaint. Plaintiff also attaches 29 exhibits to his RICO Case Statement.

In his Complaint, Plaintiff makes several references to his RICO Case Statement and the accompanying exhibits (*E.g.*, Doc. 1 at ¶¶ 34, 50, 60, 117, 168, and 172) and appears to be incorporating these documents into his Complaint. By treating both his Complaint and RICO Case Statement as his 597-page pleading, Plaintiff grossly violates Rule 8(a)'s requirement that a pleading contain a *short* and plain statement of relief and further violates Rule 7(a)'s requirement that there may only be one complaint. Fed. R. Civ. P. 7(a) (addressing what pleadings are allowed in federal court); Fed. R. Civ. P. 8(a) (addressing general rules of pleading); *see United States ex rel. Garst v. Lockheed–Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter.") (addressing a 155-page complaint, including 400 paragraphs and 99 attachments); *See Olson v. Little*, No. 92-2123, 1992 U.S. App. LEXIS 27787 (8th Cir. Oct. 27, 1992) (a district court may *sua sponte* dismiss a complaint that fails to comply with Rule 8).

## B. Plaintiff's Complaint lacks basic coherence in violation of Rule 8(a) and Rule 8(d)

Regardless of the length, Plaintiff's Complaint is unintelligible because it lacks basic coherence. The crux of Plaintiff's Complaint appears to be that Plaintiff applied to open a new account with "Central Trust Bank" on September 19, 2015. (Doc. 1 at ¶ 23.) Plaintiff asserts that

the bank's legal name is in all caps, THE CENTRAL TRUST BANK, and it is therefore fraudulent for the bank to use the name "Central Trust Bank," "CENTRAL TRUST BANK," or "The Central Trust Bank." (*E.g.*, Doc. 1 at ¶ 37.) Outside of this event, Plaintiff's Complaint is so confused, ambiguous, vague, repetitive, conclusory in articulation of the factual and legal basis for the claims, and scattered with irrelevancies, that the Court is unable to distinguish the allegations that matter (i.e., the facts that constitute the wrongful conduct). *See* Fed. R. Civ. P. 8(a) (a claim showing the pleader is entitled to relief must be both short and *plain*) (emphasis added); Fed. R. Civ. P. 8(d) ("Each allegation must be simple, concise, and direct."); *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011) ("[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy."); *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (dismissal appropriate if the "complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised"); *Mangan v. Weinberger*, 848 F.2d 909, 911 (8th Cir. 1988) (complaints which were unreasonably verbose, confusing, and conclusory wholly failed to comply with Fed. R. Civ. P. 8).

    **C.**    **Plaintiff's Complaint is insufficient in that Plaintiff fails to allege how the majority of defendants' actions furthered the alleged wrongful conduct**

Of the twenty-six entity defendants named in the Complaint's caption, Plaintiff makes factual allegations against only five: The Central Trust Bank Inc. ("TCTB"), Central Bancompany Inc., Central Bancompany Merger Corporation Inc., Boone County National Bank, Central Bank of the Ozarks. Plaintiff lists three defendants—First National Bank of St. Louis, City Bank, and Central Bank of Audrian County—in the case caption, but makes no further mention of them anywhere in the Complaint. Plaintiff lists the following fifteen defendants in the case caption and in his listing of "predicate actors" (Doc. 1 at ¶ 21), but makes no further mention of them anywhere in the Complaint: City Bank and Trust Company, First National Bank of Audrian County, Empire Bank, First Central Bank, Metcalf Bank, Jefferson Bank of Missouri, ONB Bank & Trust Company, Ozark Mountain Bank, Third National Bank, Central Trust & Investment Holding Company, Investor Services Insurance, Inc., Central Trust & Investment Company, Dogwood Insurance Agency, L.L.C., and Central Mortgage Company. By failing to mention certain defendants outside of the caption and failing to make factual allegation against the majority of the named defendants, Plaintiff fails to allege how the majority of the defendants' actions furthered

the alleged wrongful conduct. *See McFarland v. McFarland*, 2009 U.S. Dist. LEXIS 70687, * 4-9 (N.D. Ia. Aug. 10, 2009) (finding a complaint insufficient in part because it made no mention of certain named defendants outside of the caption and failed to allege how the individual defendants' actions further the alleged wrongful conduct). Should Plaintiff fail to include facts pertinent to any named defendant in an amended complaint, those defendants will be summarily dismissed.

### D. Plaintiff's "kitchen-sink" complaint violates Rule 8 and Rule 11

"By presenting to the court a pleading, . . . [a] party certifies that to the best of the person's knowledge, information, and believe, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims . . . are warranted by existing law[.]" Fed. R. Civ. P. 11(b). Under both Rule 8 and Rule 11, "[i]t is the plaintiffs' burden . . . to reasonably investigate their claims, to research the relevant law, to plead only viable claims, and to plead those claims concisely and clearly, so that a defendant can readily respond to them and a court can readily resolve them." *Gurman v. Metro Hous. & Redev. Auth.*, 842 F. Supp. 2d 1151, 1153 (D. Minn. 2011). Here, Plaintiff has filed a "kitchen-sink" or "shotgun" complaint which unfairly burdens both the defendants and the Court to pick through the unintelligible and indecipherable pleadings to determine what, if any, viable claims Plaintiff has pleaded against which defendants. *See Larson v. Jesson*, No. 11-2247 (PAM/LIB), 2017 U.S. Dist. LEXIS 137132, at *6 (D. Minn. Aug. 24, 2017) (criticizing kitchen-sink or shotgun complaints for shifting the burden onto defendants and the courts to pick through the mess and determine if plaintiff has pleaded a viable claim).

### E. Plaintiff's complaint contains allegations which are redundant, impertinent, and scandalous

Turning to the allegations themselves, the Complaint is replete with redundant, impertinent, and scandalous matters in violation of Rule 12(f) of the Federal Rules of Civil Procedure. Under Rule 12(f), the Court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. The function of a motion to strike under Rule 12(f) "is to 'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with' them early in the case." *Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015). "Judges enjoy liberal discretion to strike pleadings under Rule 12(f)." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007).

5

"Striking a party's pleading, however, is an extreme and disfavored measure[.]" *Id.* Here, many of Plaintiff's allegations appear entirely irrelevant to the controversy, include personal attacks, and confuse the issues in this case. For example, Plaintiff writes that:

> That's actual (face to face threats) carried out on fake Missouri Associate Court settings, with no plaintiff, no real party in interest, no damaged party, and no subject matter jurisdiction for possibly fifty years from Cooper County to St. Louis County, back to Cole County to Greene County, and everywhere in between.

(Doc. 1 at ¶ 50.)

> **The buck stops right there** as one attorney thinks this is absolutely hilarious, that attorney is Defendant Heidi DoerhoffVollet (sic) of (**group 6**) responsible with her father for the (3000 plus false claims) in the first place, mostly filed by COOK, VETTER, DOREHOFF (sic), and LANDWEHR P.C., and others right in downtown St. Louis, Missouri, selling out Plaintiff and all of St. Louis, Missouri, now it's(children) (sic) cold hearted lawyers.

(*Id.* at ¶ 170) (emphasis in original)

> [The "alleged perceived Missouri government" is] an imposter parallel Missouri government scheme, everyone is running a massive criminal double life in a parallel concealment scheme, walking down the streetsof (sic) Jefferson City, Missouri shaking everybody's hand looking people straight in the eyes, and saying everything is just fine, with "forked tongue".

(*Id.* at ¶ 234)

> Stated before Plaintiff states again (they are not who they claim to be), they are all "interstate extortion imposters," possible over fifty Missouri County Associate Courts as [Extortion Enterprises], cloaked under the guise, and disguise as charlatans, pretending to handles (sic) cases with fictitious entities[.]

(*Id.* at ¶ 315) (emphasis in original)

> While BOONE COUNTY NATIONAL BANK has modified its appearance somewhat with the public slightly, by being unlawfully allowed in re-naming itself CENTRAL BANK of BOONE COUNTY with the same Missouri government officials who lacked authority then still lack it now, a phony shell name game, lying to Missouri customers with *forked tongue*, there are no concerns.

(*Id.* at ¶ 370) (emphasis in original)

Such attacks questioning the legitimacy of state courts, state government and government officials and the integrity of opposing counsel (and other lawyers not involved in this case) are improper,

6

unrelated to the legal issues, and can only serve the purpose of delaying the proceedings and/or abusing the judicial process. Although Plaintiff is *pro se*, and not obligated by the Rules of Professional Conduct that applies to lawyers, "[p]ersonal attacks on opposing counsel are improper." *United States v. LaFontaine*, 847 F.3d 974, 981 (8th Cir. 2017); *see* Rules Governing the Missouri Bar and the Judiciary – Rules of Professional Conduct, Preamble: A Lawyer's Responsibilities [9] (requiring lawyers to maintain "a professional, courteous, and civil attitude toward all persons involved in the legal system"). As discussed further in Section I.F. below, this sort of conduct can, under the appropriate set of circumstances, necessitate a dismissal with prejudice under Rule 41(b) and an injunction against future filings. *See In re Taylor*, 839 F.2d 1290, 1292-93 (8th Cir. 1988) (district courts have an obligation to exercise their authority to control abuses of the judicial process).

Given the other deficiencies identified with Plaintiff's Complaint, allowing the case to proceed on the Complaint, while excising the paragraphs containing redundant, impertinent, or scandalous material is insufficient. Rather, the Court finds provisional dismissal of Plaintiff's Complaint is warranted. Plaintiff will have the opportunity to file an amended complaint to cure the deficiencies identified in this Order and otherwise reasonably comply with the pleading requirements in the Federal Rules of Civil Procedure.

### F. Plaintiff's responses to CRA Defendants' motion to strike Plaintiff's Complaint do not change the outcome and contain repeated personal attacks on defense counsel (Docs. 52, 54)

Plaintiff first opposes CRA Defendants' motion to strike and further asks that the Court strike the motion on the basis that the defense counsel who filed and joined in the motion have failed to file an entry of appearance. (Doc. 52.) Plaintiff's argument is without merit. A "Notice of Appearance" is not required under the Federal Rules of Civil Procedure or this Court's Local Rules (unless a law student intern is involved). *See* L.R. 83.8(a)(4) (requiring "Notice of Appearance" by law student interns under the supervision of an attorney); *Hudson v. City of Brooklyn Park*, No. 15-CV-420 (PJS/TNL), 2015 U.S. Dist. LEXIS 113787, at *5 (D. Minn. Aug. 3, 2015) (federal rules do not require attorney to file a Notice of Appearance before commencing representation in the court). Defense counsel Zorogastua, Zeeck, and Webb have submitted signed motions in this action (*E.g.*, Doc. 36, 40), thereby representing to this Court that they are Defendants' legal counsel. *See Hudson v*, 2015 U.S. Dist. LEXIS 113787, at *5. These defense counsel have now also filed entries of appearances. (Docs. 49, 56.)

7

Plaintiff also opposes the motion to strike Plaintiff's Complaint and asks that the Court strike the motion as an insufficient defense on the basis that: (1) the motion violates Rule 8, Rule 9, and Rule 12(f); (2) the motion doesn't discuss Plaintiff's Complaint or RICO Case Statement; and (3) the motion mis-cites case law and Rule 8. Plaintiff's arguments are without merit. The pleading requirements of Rule 8 and Rule 9 relate to pleadings, whereas, the motion to strike is not a pleading, *see* Fed. R. Civ. P. 7(a) (defining the pleadings allowed); the motion to strike does not contain redundant, immaterial, impertinent, or scandalous matter in violation of Rule 12(f); and Plaintiff's assertions of mis-citations appear to be baseless.[3] Finally, the function of pretrial motions under Rule 12 allows for defendants to challenge a pleading before actually filing an answer.

The Court further notes that in Plaintiff's responses, he makes repeated personal attacks of defense counsel for certain CRA Defendants Zorogastua, Zeeck, and Webb. For example, Plaintiff writes defense counsel are "obviously unschooled and untrained in the legal arts" (Doc. 52 at 1), are "entirely incompetent" (*id.* at 2), are "pretender so-called" and "alleged" lawyers (Doc. 54 at 4, 9), "are completely incapable of the simple mental task of simple (sic) reading quickly enough" (*id.* at 9), have "apparent lack of mental incapability's (sic) in their admitted incapacity of a state of being delusional" (*id.*), and should be directed by the Court to "very quickly see a shrink" (*id.* at 10). These attacks, both in Plaintiff's Complaint and responses to the CRA Defendants' motion to strike, when considered in combination with Plaintiff's gross violations of the pleading requirements and frivolous filings (*see infra* Section II), tend to show Plaintiff's action is not filed in good faith, but rather for harassment and vexation, which is a misuse of the judicial process.

"Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (citation omitted). "These powers are governed not by rule or statute but by the control necessarily vested in courts to manage their

---

[3] Plaintiff asserts that a case cited by defense counsel in the motion to strike, *Nat'l Network of Digital Sch. Mgmt. Found. v. Indiana Cyber Charter Sch., Inc.*, 2016 WL 10516120 (S.D. Ind. Nov. 29, 2016), is a "fake" citation. Plaintiff appears to assert that pertinent facts from the case cited by defense counsel in the motion to strike, *Mangan v. Weinberger*, 848 F.2d 909 (8th Cir. 1988), were not included. Although the deficiencies in Plaintiff's complaint and the complaints in *Mangan* are not identical, *Mangan* supports the outcome in this case.

8

own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* (citation omitted). The Court is also cognizant that the Federal Rules of Civil Procedure, which governs the procedure in all civil actions, state that the rules "should be construed, administered, and employed by the court *and the parties* to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added). To protect the integrity of the Court's docket and protect individuals who seek access to the court, the Court has several measures it can take. The Court may place filing restrictions on litigants who abuse the judicial process. *State ex rel. Colo. Judicial Dep't v. Fleming*, 726 F. Supp. 1216, 1221 (D. Colo. 1989). The Court may impose sanctions in the form of monetary penalties against frivolous or vexatious litigants pursuant to Rule 11 of the Federal Rules of Civil Procedure. *Id.* The Court may even dismiss of a case for non-compliance with court orders. *See* Fed. R. Civ. P. 41(b); *American Inmate Paralegal Ass'n v. Cline*, 859 F.2d 59 (8th Cir.) (per curiam), *cert. denied* 488 U.S. 996 (1988). The Court is cognizant that its consideration of Plaintiff's Complaint and review of the filings in this case has taken an inordinate amount of the Court's time and resources. Given the Court's responsibility to manage its docket and to protect against abuse and the indications of bad faith litigation that the Court has cited, further filings by Plaintiff which appear to be a misuse of the judicial process will result in filing restrictions, monetary penalties, and/or dismissal.

**II.    Five pending motions filed by Plaintiff will be denied as frivolous**

The Court finds it prudent to rule on five frivolous motions filed by Plaintiff, to ensure that these issues are resolved in the event that the case should proceed upon an amended complaint.

Plaintiff has filed a motion (Doc. 55) and multiple filings (Docs. 44, 46, 47, 51, 52, and 54) asking the Court to "disqualify" defense counsel Zorogastua, Zeeck, and Webb and to "strike" their respective filings based on the attorneys' failure to file entries of appearances. (Docs. 44, 46, 47, 51, 52, 54, and 55.) For the reasons stated in Section I.F., Plaintiff's motion (Doc. 55) is frivolous in that it lacks legal basis and will be denied.

Plaintiff filed a motion titled "Motion for Statement by this Honorable Court Judge Roseann Ketchmark Regarding a Potential Conflict of Interest." (Doc. 53.) To the extent Plaintiff is asking the Court to state whether it has a conflict of interest with any opposing party, including Defendant Equifax, the motion is denied based on a review of the record and given that Plaintiff has failed to allege facts demonstrating an extrajudicial source or prejudice as required under 28 U.S.C. § 144 or 28 U.S.C. § 455. To the extent Plaintiff is asking the Court to sanction defense

9

counsel Zorogastua, Zeeck, Webb, Clement, Doerhoff Vollet, Asberry, White, Lubben, and Nicodemus, Plaintiff's motion is conclusory and does not contain any facts demonstrating that any of these attorneys have made representations to the Court that would warrant sanctions under Rule 11.  Plaintiff's motion (Doc. 53) is frivolous in that it lacks any factual basis and will be denied.

Plaintiff filed a motion titled "Motion for Judicial Determination on Everything Plaintiff Filed" in which Plaintiff appears to ask the Court to make a ruling on all filings and to further "put all Defendants under Order not to destroy evidence."  (Doc. 75.)  To the extent Plaintiff asks the Court to rule on all filings, the Court will rule on matters in due course.  To the extent Plaintiff asks the Court to direct all Defendants to not destroy evidence, all parties already have a duty to preserve evidence relevant to likely or pending litigation.  *See Stevenson v. Union Pac. R.R. Co.*, 354 F.3d 739, 746 (8th Cir. 2004); Fed. R. Civ. P. 37(e) (referring to preserving electronically stored information in the anticipation or conduct of litigation).  This motion (Doc. 75) is unnecessary and will be denied.

Plaintiff filed a motion titled "Motion for Full Disclosure of Filings-Transparency" in which Plaintiff appears to ask that all Court filings be made "available, if not on line (sic), at least by examination[.]"  (Doc. 76.)  All public court filings can either be accessed via the Court's CM/ECF system or in-person at one of the three Courthouse locations in the Western District of Missouri (Kansas City, Springfield, and Jefferson City).  The Court also notes that its website provides: "[i]f you have Internet access and a PACER login and password, you may access many documents electronically.  Internet access to civil and criminal court records is fee-based and can be found at ecf.mowd.uscourts.gov."  https://www.mow.uscourts.gov/district/dist-general/copy-requests-district-court.  Plaintiff's motion (Doc. 76) is unnecessary and will be denied.

Finally, Plaintiff filed a motion titled "Plaintiffs (sic) Motion to Strike Defendant's Experian [Doc. # 59], Trans Union [Doc. # 60 and # 64], and Equifax [Doc # 61] for Violating Fed. R. Civ. P. 'Rule 12(f).'"  (Doc. 77.)  Plaintiff appears to ask the Court to strike certain filings made by Defendants Experian, Trans Union, and Equifax.  Plaintiff provides a long list of reasons why the filings should be stricken, but fails to provide a factual basis in support.  Plaintiff makes the extreme accusation that defense counsel have committed fraud on the Court.  Based on a review of Plaintiff's motion, which is confusing and replete with more personal attacks on defense counsel, as well as a review of the record in this case, Plaintiff's accusations are completely

unfounded. Plaintiff's motion (Doc. 77) is frivolous in that it lacks any factual basis and will be denied.

**III.     Extending deadline for service of First Central Bank and the individual defendants**

Plaintiff's Complaint was filed on August 16, 2019. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "if a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Thus, Plaintiff is required to serve all defendants within the next two weeks, on or before November 14, 2019. Plaintiff has filed proof of service as to twenty-five of the named entity defendants. However, to date, proof of service as not been filed as to Defendant First Central Bank and there is no indication that the individual defendants have been properly served with process under the pertinent provisions of Rule 4. Rule 4(h), allowing service of process on corporations and associations by delivering a copy of the summons and the complaint to an agent authorized to receive service of process, may not be used to serve natural persons. Fed. R. Civ. P. 4(h). Although the deadline for service of process has not yet passed, it appears from the docket sheet that summonses have not been issued as to Defendant First Central Bank and the individual defendants. Given that the Court is requiring Plaintiff to file an amended complaint within thirty days, the Court will extend the November 14, 2019 service deadline by approximately two weeks and allow Plaintiff until thirty days from the date of this Order within which to serve and file proof of service as to Defendant First Central Bank and the individual defendants. Plaintiff should also include a copy of this Order to notify those defendants of the status of the case.

**IV.     Conclusion**

Accordingly,

1. CRA Defendants' motion to strike is **GRANTED**. For the reasons identified in the motion to strike filed by CRA Defendants and for the additional reasons identified above, the Court **PROVISIONALLY DISMISSES** Plaintiff's Complaint. (Docs. 36, 40, 64.) However, Plaintiff will have the opportunity to amend the complaint.

2. Within thirty days of the date of this Order (December 9, 2019), Plaintiff may file an amended complaint to cure the deficiencies identified above and otherwise reasonably comply with the pleading requirements of the Federal Rules of Civil Procedure. In particular, the amended complaint shall:

a. be a single pleading, Fed. R. Civ. P. 7(a);

   b. contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2);

   c. contain allegations which are "simple, concise, and direct[,]" Fed. R. Civ. P. 8(d)(1);

   d. contain factual allegations as to how each of the defendants named in the amended complaint furthered the alleged wrongful conduct;

   e. not contain allegations which are redundant, immaterial, impertinent, or scandalous, Fed. R. Civ. P. 12(f); and

   f. contain only viable claims under existing law which are not presented for any improper purpose, Fed. R. Civ. P. 11(b); and

   g. not be longer than fifty (50) pages in length.

3. The Court will review the newly proposed amended complaint *sua sponte* to determine whether it complies with the pleading requirements of the Federal Rules of Civil Procedure. Failure to comply with this Order and plead in accordance with the pleading requirements may result in the Court dismissing the case with prejudice. If the Court allows the case to proceed on the amended complaint, the Court will then set a deadline for all of the defendants to respond to the amended complaint. Until that time, all further deadlines (with the exception of the service deadline), including deadlines for any defendants to respond, are **STAYED**.

4. Further filings by Plaintiff which appear to be a misuse of the judicial process will result in filing restrictions, monetary penalties, and/or dismissal.

5. The following motions filed by Plaintiff are **DENIED** as frivolous:

   a. Plaintiff's motion to disqualify defense counsel Zorogastua, Zeeck, and Webb (Doc. 55; *see also* Docs. 44, 46, 47, 51, 52, and 54);

   b. Motion for Statement by this Honorable Court Judge Roseann Ketchmark Regarding a Potential Conflict of Interest (Doc. 53);

   c. Motion for Judicial Determination on Everything Plaintiff Filed (Doc. 75);

   d. Motion for Full Disclosure of Filings-Transparency (Doc. 76); and

e. Plaintiffs (sic) Motion to Strike Defendant's Experian [Doc. # 59], Trans Union [Doc. # 60 and # 64], and Equifax [Doc # 61] for Violating Fed. R. Civ. P. 'Rule 12(f) (Doc. 77).
6. In light of the above rulings, the following motions are **DENIED as MOOT**:
   a. Plaintiff's motion for mandatory judicial notice (Doc. 3);[4]
   b. Plaintiff's motion for joinder of parties (Doc. 5);
   c. Plaintiff's motion for mandatory judicial notice (Doc. 19);
   d. Plaintiff's motion for the court to issue an order (Doc. 58);
   e. Defendant The Central Trust Bank Inc.'s motion to dismiss (Doc. 65);
   f. Defendant Central Trust & Investment Company's motion to dismiss (Doc. 67);
   g. Defendant Central Bancompany Inc.'s motion to dismiss (Doc. 69);
   h. Defendant Cook Vetter Doerhoff & Landwehr, P.C.'s motion to dismiss (Doc. 72);
   i. Plaintiff's motion for extension of time (Doc. 74);
   j. Defendant Equifax's motion for extension (Doc. 78);
   k. Defendant Trans Union's motion for extension (Doc. 83);
   l. Defendant Equifax Inc.'s motion for extension (Doc. 84);
   m. Plaintiff's second motion for extension (Doc. 86);
   n. Plaintiff's motion for mandatory judicial notice (Doc. 90);
   o. Plaintiff's motion to strike (Doc. 95);
   p. Plaintiff's motion for mandatory judicial notice (Doc. 96); and
   q. Plaintiff's motion for judgment on the pleadings (Doc. 98).
7. Within thirty days of the date of this Order (December 9, 2019), Plaintiff shall serve and file proof of service as to Defendant First Central Bank and the individual defendants. Failure to do so may result in dismissal of these defendants.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: November 7, 2019

---

[4] Motion titles are condensed.